1

2

3

4

5

6                      UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF WASHINGTON

7   JOHN M. FREEMAN,                    )
                                        )   No. CV-10-167-CI
8            Plaintiff,                  )
                                        )
9   v.                                  )   ORDER GRANTING PLAINTIFF'S
                                        )   MOTION FOR SUMMARY JUDGMENT
10  MICHAEL J. ASTRUE,                  )   AND REMANDING FOR ADDITIONAL
    Commissioner of Social              )   PROCEEDINGS PURSUANT TO
11  Security,                           )   SENTENCE FOUR 42 U.S.C. §
                                        )   405(g)
12           Defendant.                 )
                                        )
13  ─────────────────────────────────

14       BEFORE THE COURT are cross-Motions for Summary Judgment.  (ECF

15  No. 16, 24.)  Attorney Gary R. Penar represents Plaintiff; Special

16  Assistant United States Attorney Mathew W. Pile represents Defendant.

17  The parties have consented to proceed before a magistrate judge.  (ECF

18  No. 4.)  After reviewing the administrative record and briefs filed by

19  the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment

20  and **DENIES** Defendant's Motion for Summary Judgment.

21                            **JURISDICTION**

22       Plaintiff John M. Freeman (Plaintiff) filed for disability

23  insurance benefits on June 28, 2006. (Tr. 9, 99.)  Plaintiff alleged

24  an onset date of July 1, 2005.  (Tr. 99.)  Benefits were denied

25  initially and on reconsideration. (Tr. 76, 81.)  Plaintiff requested

26  a hearing before an administrative law judge (ALJ), which was held

27  before ALJ Hayward C. Reed on April 29, 2008. (Tr. 23-69.)  Plaintiff

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -1

1  was represented by counsel and testified at the hearing.  (Tr. 25-55,
2  59-60.)  Vocational expert Daniel R. McKinney also testified.  (Tr.
3  55-66.)   The ALJ denied benefits and the Appeals Council denied
4  review. (Tr. 1, 9-20.)   The instant matter is before this court
5  pursuant to 42 U.S.C. § 405(g).

6                          **STATEMENT OF FACTS**

7       The facts of the case are set forth in the administrative hearing
8  transcripts, and will therefore only be summarized here.

9       Plaintiff was born on August 5, 1966, and was 41 years old at the
10 time of the hearing.  (Tr. 25.)  Plaintiff has a bachelor of science
11 degree in business management.  (Tr. 25.)  He was injured in a
12 military parachuting accident in 1992.  (Tr. 25.)  He fractured his
13 back and sustained a partial tear of his left meniscus and a partial
14 tear of his right rotator cuff. (Tr. 26.)  He had surgery on his back
15 and rods were implanted from T10 to L2.   (Tr. 26.)   After the
16 accident, Plaintiff remained in the military for another five years,
17 but testified he eventually left the military due to medical issues.
18 (Tr. 28.)  After he left the military, Plaintiff worked as a cashier,
19 a telemarketing manager, and an assistant retail manager, but had
20 difficulty with those jobs because he was unable to lift and move
21 around as much as required, or was unable to sit at a desk as long as
22 required. (Tr. 28.)  He also worked as an office assistant.  (Tr. 43,
23 48.)  He left his last job when he was diagnosed with stress fractures
24 in his lower back and could not keep up with his boss's demands.  (Tr.
25 29, 48-49.)   Plaintiff testified the Veteran's Administration has
26 declared him unemployable for medical reasons.   (Tr. 29-30.)
27 Plaintiff testified his knees, shoulder and back cause pain. (Tr. 30-
28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -2

31.)  He takes methadone for pain.  (Tr. 27.)  He testified that he has early onset osteoporosis and he experiences side effects from methadone such as difficulty urinating and his teeth are cracking. (Tr. 38.)  He wears a back brace.  (Tr. 39.)

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision.  42 U.S.C. § 405(g).  A court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler,* 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999).  "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th Cir. 1988).  Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld.  *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965).  On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner.  *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -3

648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if his impairments are of such severity that Plaintiff is not only unable to do his previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§

423(d)(2)(A), 1382c(a)(3)(B).   Thus, the definition of disability consists of both medical and vocational components.   *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled.   20 C.F.R. §§ 404.1520, 416.920.   Step one determines if he or she is engaged in substantial gainful activities.   If the claimant is engaged in substantial gainful activities, benefits are denied.   20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision-maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments.   20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).   If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity.   20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404, Subpt. P, App. 1.   If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past.   If plaintiff is able to perform his or her previous work, the claimant is not

disabled.   20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).   At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience.   20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).   The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation.   The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**ALJ'S FINDINGS**

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since July 1, 2005, the alleged onset date.  (Tr. 11.)  At step two, he found Plaintiff has the following severe impairments: femur osteopenia; status-post fusions at T11-12, T12-L1; and herniated disc at L5.  (Tr. 11.)  At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -6

equals one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 12.)  The ALJ then determined:

> [C]laimant has the residual functional capacity to perform essentially the full range of light work as defined in 20 CFR 404.1567(b) but with the following exceptions: the claimant would be capable of lifting and carrying less than 10 pounds frequently and 20 pounds rarely; and, the claimant would need to avoid stooping and crouching.

(Tr. 13.)  (Footnote omitted.)  At step four, the ALJ found Plaintiff is capable of performing past relevant work.  (Tr. 19.)  Thus, the ALJ concluded Plaintiff has not been under a disability as defined in the Social Security Act from July 1, 2005, through the date of the decision.  (Tr. 19.)

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error.  Specifically, Plaintiff argues the ALJ erred by: (1) making an unsupported finding at step two; (2) failing to articulate legally sufficient reasons for the negative credibility finding; (3) improperly assessing the medical opinion evidence; (4) making an improper RFC determination; and (5) determining that Plaintiff is capable of performing past relevant work.  (ECF No. 17 at 17-35.)  Defendant argues the ALJ: (1) properly discounted Plaintiff's credibility; (2) properly evaluated the medical opinion evidence; (3)resolved step two in favor of Plaintiff; (4) committed harmless error in assessing Plaintiff's RFC; and (5) properly concluded Plaintiff can perform past relevant work.  (ECF No. 25 at 6-24.)

**DISCUSSION**

**1.   Opinion Evidence**

Despite over 500 pages of record, few medical opinions are part

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -7

of the record in this case.  The opinion evidence consists primarily of the opinion of Ms. Brown, a treating nurse practitioner, and Dr. Bray, an examining physician.

Plaintiff saw Ms. Brown relatively regularly for treatment and medication management and the record contains progress notes from those visits.  (Tr. 171-217, 251-79, 511-35.)  In October 2007, Ms. Brown opined that Plaintiff was disabled and unemployable due to his back injury and chronic pain management issues.  (Tr. 511.)  The ALJ gave little weight to Ms. Brown's opinion.  (Tr. 17.)

In September 2006, Dr. Bray examined Plaintiff and diagnosed decreased range of motion with spinal deformity in the thoracic and lumbar spine secondary to treatment for burst fracture of T12 with Harrington rod placement, decreased shoulder range of motion secondary to past rotator cuff injury, and left knee pain without significant findings on physical examination.  (Tr. 162.)  Dr. Bray made a functional assessment indicating that Plaintiff could be expected to stand and walk about six hours in an eight-hour day, could be expected to sit unrestricted, could lift and carry less than 10 pounds frequently and 20 pounds rarely, and should not do any stooping or crouching because of decreased range of motion in the lumbar spine. (Tr. 162.)  The ALJ gave significant weight to Dr. Bray's assessment and the RFC finding is consistent with Dr. Bray's opinion.  (Tr. 17-18.)

In evaluating a disability claim, the ALJ must consider evidence from medical sources.  20 C.F.R. §§ 404.1512, 416.912.  Only "acceptable medical sources" such as physicians and psychologists may establish an impairment.  20 C.F.R. §§ 404.1513, 416.913.  The ALJ is also required to consider evidence from sources which are not

acceptable medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d); S.S.R. 06-3p. "Other sources" include nurse practitioners, physician assistants, therapists, teachers, social workers, spouses and other non-medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d). The opinion of an acceptable medical source is given more weight than that of an "other source." 20 C.F.R. §§ 404.1527, 416.927; *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996). However, the ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). Pursuant to *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir. 1993), an ALJ is obligated to give reasons "germane" to "other source" testimony before discounting it.

Ms. Brown is a nurse practitioner and an "other source" under 20 C.F.R. § 404.1513(d). The ALJ may therefore reject the opinion for germane reasons. *See Dodrill*, 12 F.3d 915. Plaintiff points out that a physician, Dr. Prentiss, also signed Ms. Brown's opinion letter and argues that under *Gomez v. Chater*, Ms. Brown is part of an interdisciplinary team and her opinion should have been assessed as authored by a treating physician. 74 F.3d 967, 971 (9th Cir. 1996). (ECF No. 17 at 27-28.) Plaintiff's argument is erroneous. The Social Security Regulation relied upon in the *Gomez* ruling (20 C.F.R. § 416.913(a)(6)) has been amended and no longer includes "interdisciplinary team," under the definition of "acceptable medical sources." See 20 C.F.R. §§ 404.1513(a)(1-5), 416.913(a) (1-5). *Gomez* therefore does not apply.

Even if the "interdisciplinary team" approach noted in *Gomez* could apply, it does not apply in this case. There is no evidence that Ms. Brown was working closely with Dr. Prentiss as the nurse

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -9

practitioner worked with a physician in *Gomez*.[1]  To the contrary, Dr. Prentiss specifically noted the patient was unkown to him and indicated he had not examined the patient or read his chart.  (Tr. 511, 534.)  The record suggests that Dr. Prentiss signed Ms. Brown's opinion letter only because a physician signature was required for the appeal to the Board of Veteran's Appeals.  (Tr. 534.)  There is no evidence that Ms. Brown is part of an interdisciplinary team and her opinion is, therefore, that of an "other source."  Accordingly, the ALJ appropriately declined to give any additional weight to Ms. Brown's opinion although it was signed by Dr. Prentiss.  (Tr. 17.)

Notwithstanding, S.S.R. 06-3p advises adjudicators that opinions of "other medical sources" may be given more weight than a treating physician if certain factors are present.  As stated in the Ruling, "Each case must be adjudicated on its own merits based on a consideration of the probative value of the opinions and a weighing of all the evidence in that particular case." *Id.*  For example, it may be appropriate to give more weight to an other source than an acceptable medical source if the other source has seen the claimant more often and has provided better supporting evidence and a better explanation for his or her opinion. *Id.*

In this case, the ALJ rejected Ms. Brown's opinion for several reasons.  First, the ALJ suggested the medical evidence does not support Ms. Brown's conclusion.  (Tr. 17.)  Inconsistency with medical

---

[1]In *Gomez*, the nurse practitioner consulted with a physician numerous times regarding the patient and worked closely under the supervision of the physician.  74 F.3d at 971.  There is no evidence of a similar close working relationship in this case.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -10

evidence is a germane reason for rejecting lay witness evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). Ms. Brown's letter quotes three pieces of medical evidence in support of her opinion that Plaintiff is disabled: a September 2005 MRI, an October 2005 note discussing an orthopedic consult, and a June 2007 lumbar imaging report. (Tr. 172, 225, 236, 511.) The ALJ noted the medical findings referenced in Ms. Brown's letter as a stable fusion, mild degenerative problems and a herniated nucleus pulposus and suggested these findings do not support Ms. Brown's opinion of disability. (Tr. 17.) However, the ALJ failed to note that while the 2007 MRI notes Plaintiff's fusion is stable, the report also indicates new findings of "diffuse osteoporosis" and a "suggestion of increasing demineralization in the spine." (Tr. 236.) The only medical professional in the record with an opportunity to review the 2007 MRI was Ms. Brown.[2] Without a conflicting medical opinion which reflects consideration of the same evidence Ms. Brown considered, there is no basis to find the opinion is unsupported.[3] Furthermore, these are not the only pieces of evidence cited by Ms. Brown in support of her

_____

[2]Although the signature of Dr. Prentiss does not confer the weight of acceptable medical source to the opinion since he neither reviewed the file nor examined Plaintiff, it does suggest that he read Ms. Brown's letter and concluded the listed findings support the conclusion reached.

[3]Other circuits have warned ALJs against substituting their own medical judgment for a doctor's or interpreting raw medical data in functional terms. *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990); *see also Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -11

opinion.  Ms. Brown also noted Plaintiff's chronic pain despite methadone pain management program, attendance at pain management classes, and attempts at physical therapy.  (Tr. 511.)  As a result, the suggestion that Ms. Brown's opinion is not supported by the medical evidence is not well-supported by substantial evidence in the record and is, therefore, not a germane reason for rejecting the opinion.

Second, the ALJ found that Ms. Brown's records do not include results of any testing of Plaintiff's physical abilities or assessment of limitations and concluded that Ms. Brown relied primarily on Plaintiff's reports of pain, which the ALJ determined are not credible.  (Tr. 17.)  A physician's opinion may be rejected if it is based on a claimant's subjective complaints which were properly discounted. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001); *Fair*, 885 F.2d at 604.  However, nearly every record from Ms. Brown notes observations of pain behavior or objective interpretations of pain, including:  Plaintiff used his hand to push himself into an upright standing position (Tr. 214); significant difficulty walking from the waiting room to exam room with guarding posture, frequently moving positions in chair, slow to stand, appears to be in a lot of pain (Tr. 208); appears to be in a great deal of pain walking and moving from chair to exam table, spine is tender to palpation (Tr. 197); observed sitting uncomfortably in chair, changing positions often, tender thoracic spine to light palpation and manipulation or movement (Tr. 171); fidgeting in chair to gain comfort (Tr. 251); appears to be in a bit of pain, guarding low back and changing positions frequently.  (Tr. 530.)  There is no suggestion from Ms. Brown that Plaintiff's behavior was inconsistent with the pain alleged

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -12

or appeared to be a performance.  Thus, the ALJ's second reason for rejecting Ms. Brown's opinion is not supported by the record and is therefore not a germane reason for rejecting the opinion.

Third, citing S.S.R. 96-5p, the ALJ rejected Ms. Brown's opinion because opinions that a claimant "cannot work," "is disabled," or "is unemployable" are not given controlling weight or special significance because the determination of disability is an issue reserved to the Commissioner. (Tr. 17.)  While the ALJ is correct that such opinions are not controlling, the Ruling goes on to state that opinions on issues reserved to the Commissioner must not be disregarded and must be assessed to determine the extent to which the opinion is supported by the record.  S.S.R. 96-5p.  Although Ms. Brown gave an opinion on an issue reserved to the Commissioner, her opinion should not be disqualified from consideration by the ALJ on that basis, and her statement of disability does not constitute a germane reason for rejecting the opinion. *See Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) ("[R]easons for rejecting a treating doctor's credible opinion on disability are comparable to those required for rejecting a treating doctor's medical opinion").

Based on the foregoing, the ALJ failed to identify a germane reason for rejecting the opinion of Ms. Brown.  Without the opinion of Ms. Brown, there is no medical opinion considered by the ALJ based on evidence after the date of Dr. Bray's report in 2006, including over two years of the record.  This evidence includes many of Ms. Brown's observations and notes, the 2007 MRI with findings of increasing osteoporosis, and the results of a bone density scan indicating low bone density.  Furthermore, the ALJ failed to acknowledge Ms. Brown is the only source in the record with a long-standing treating

relationship, an important factor when there are only two medical opinions considered by the ALJ. *See* S.S.R. 06-3p. As a result, the ALJ erred by rejecting the opinion of Ms. Brown.

**2.    Credibility**

Plaintiff argues the ALJ erred by rejecting Plaintiff's testimony without articulating legally sufficient reasons. (ECF No. 17 at 21-25.) In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929.

Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of the symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). If there is evidence of a medically determinable impairment likely to cause an alleged symptom and there is no evidence of malingering, the ALJ must provide specific and cogent reasons for rejecting a claimant's subjective complaints. *Id.* at 346. The ALJ may not discredit pain testimony merely because a claimant's reported degree of pain is unsupported by objective medical findings. *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). The following factors may also be considered: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -14

1   condition. *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).

2       If the ALJ finds that the claimant's testimony as to the severity
3   of her pain and impairments is unreliable, the ALJ must make a
4   credibility determination with findings sufficiently specific to
5   permit the court to conclude that the ALJ did not arbitrarily
6   discredit claimant's testimony. *Morgan v. Apfel*, 169 F.3d 595, 601-02
7   (9th Cir. 1999).   In the absence of affirmative evidence of
8   malingering, the ALJ's reasons must be "clear and convincing."
9   *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038-39 (9th Cir. 2007);
10  *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *Morgan*, 169
11  F.3d at 599.  The ALJ "must specifically identify the testimony she or
12  he finds not to be credible and must explain what evidence undermines
13  the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir.
14  2001)(citation omitted).

15      The ALJ found Plaintiff's medically determinable impairments
16  could reasonably be expected to produce the alleged symptoms, but
17  Plaintiff's statements concerning the intensity, persistence and
18  limiting effects of those symptoms were not credible to the extent
19  they were inconsistent with the RFC finding.  (Tr. 16.)

20      The ALJ noted a May 2004 statement to a health care provider that
21  despite having a rod in his back, the drive from Spokane to Seattle
22  for medical treatment did not bother Plaintiff much.  (Tr. 16, 357.)
23  The ALJ also cited evidence that Plaintiff was rollerblading during
24  the summer of 2004.  (Tr. 16, 186.)  This evidence involves a period
25  before the alleged onset date when Plaintiff was attempting to work
26  and during which Plaintiff is not alleging disability.  This evidence
27  was therefore improperly considered by the ALJ in assessing
28  Plaintiff's credibility.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -15

1   The ALJ also concluded the evidence regarding Plaintiff's right
2   shoulder symptoms suggests a lack of credibility.   (Tr. 16.)
3   Plaintiff testified he has decreased range of motion in his shoulder,
4   clicking with motion and radiating pain to his hand.  (Tr. 16, 31.)
5   The ALJ concluded that Plaintiff's claims of shoulder limitation are
6   not credible since he testified he could lift 25 pounds and because he
7   has not been treated for his shoulder injury.  (Tr. 16.)  The ALJ also
8   asserted that on examination, Plaintiff's shoulder showed full range
9   of motion and pain only with extreme movement.   (Tr. 12.)  However,
10  Plaintiff estimated at the hearing he could "maybe" lift 25 pounds to
11  shoulder height, but not higher, as long as he did not have to bend.
12  (Tr. 36.)  Furthermore, Plaintiff's testimony that his range of motion
13  is limited is supported by the findings of Dr. Bray, whose opinion was
14  credited by the ALJ.[4]  (Tr. 161-62.)  The reviewing physician assessed
15  a limitation on reaching in all directions.[5]  (Tr. 230.)  Thus, the ALJ
16  erred in concluding Plaintiff's shoulder pain is unsupported by the
17  evidence and the shoulder evidence does not support the negative
18  credibility finding.
19      The ALJ also challenges Plaintiff's credibility because Plaintiff

21      [4]Although Dr. Bray diagnosed decreased shoulder range of motion
22  secondary to past rotator cuff injury, he neither assessed a
23  limitation due to that diagnosis, nor did he explain why no limitation
24  was assessed.  (Tr. 162.)

25      [5]The assessment of the reviewing physician, Dr. Platter, was not
26  mentioned by the ALJ.  (Tr. 227-34.)  Dr. Platter's assessment is
27  consistent with Dr. Bray's evaluation, except Dr. Platter added
28  limitations on reaching, climbing, kneeling and crawling.  (Tr. 229.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -16

has received no treatment and has made few complaints about lower left extremity partial numbness after August 2005. (Tr. 16.) Medical treatment received to relieve pain or other symptoms is a relevant factor in evaluating pain testimony. 20 C.F.R. §§ 416.929(c)(3)(iv) and 416.929.(c)(3)(v). The ALJ is permitted to consider the claimant's lack of treatment in making a credibility determination. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). The ALJ correctly notes that there are few complaints of knee pain after August 2005. However, Dr. Bray noted knee pain during his assessment in 2006 and the reviewing physician assessed a limitation on kneeling and crawling. (Tr. 161, 229.) It is also noted that the bone density scan indicated low bone density in the femoral neck. (Tr. 508.) Regardless, the ALJ is required to consider all impairments, even non-severe impairments, in combination. 20 C.F.R. § 404.1545. In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not "severe." While a "not severe" impairment may not significantly limit an individual's ability to do basic work activities, it may be critical to the outcome of a claim when considered with limitations or restrictions due to other impairments. S.S.R. 96-8p. Plaintiff testified he experiences knee pain. (Tr. 30.) It is reasonable to consider that knee pain in combination with a severe back impairment could further reduce mobility or functionality. The ALJ also notes Plaintiff testified using the cane prescribed for him was not practical because he loses his balance only occasionally. (Tr. 39.) Plaintiff's disclosure that he does not often use his prescription cane appears to reflect candor, not a lack of credibility. As a result, the knee pain evidence does not reflect

negatively on Plaintiff's credibility.

The ALJ also noted Plaintiff alleged difficulty sleeping, but told his provider in March 2008 that he wanted a sleep aid for those rare occasions he had sleep difficulties due to pain. (Tr. 17.) Plaintiff's provider actually noted, "He is having some nights where it is difficult to sleep and he would like something to take on rare occasion." (Tr. 512.) Although the provider's notes include the phrase "rare occasion," the context suggests Plaintiff did not intend to take the medication regularly rather than an indication that he has sleep difficulties only rarely. Regardless, Plaintiff's request for medication to assist with sleep is consistent with alleged sleep difficulties, and therefore this evidence does not reflect negatively on Plaintiff's credibility.

The remaining evidence cited by the ALJ involves activities which the ALJ determined are inconsistent with Plaintiff's allegations. (Tr. 16-17.) Evidence about daily activities is properly considered in making a credibility determination. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). However, a claimant need not be utterly incapacitated to be eligible for benefits. *Id.* It is well-established that a claimant need not "vegetate in a dark room" to be deemed eligible for benefits. *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987). Many activities are not easily transferable to what may be the more grueling environment of the workplace, where it might not be possible to rest or take medication. *Fair*, 885 F.2d at *id.* Yet daily activities may be grounds for an adverse credibility finding if a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting. *Orn v. Astrue*, 495 F.3d 625, 639 (9th

Cir. 2007).   Nonetheless, a claimant should not be penalized for trying to live a normal life.   *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

The ALJ pointed out that Plaintiff identified himself as a stay-at-home dad who watched his children since birth until losing custody, suggesting that Plaintiff was lifting and bending while caring for his children as infants.   (Tr. 16-17, 251.)   However, Plaintiff's children were past the infant stage by the date of alleged onset.[6]   Furthermore, Plaintiff pointed out at the hearing that he worked off and on until 2005 and was not strictly a stay-at-home dad, which is supported by the record.   (Tr. 53.)   Plaintiff also told a provider in 2005 that he stays at home with his children but cannot do lifting, consistent with his complaints at the hearing.   (Tr. 31-36, 172.)

The ALJ also found significant that Plaintiff informed his health care provider in November 2007 his goals were to continue to be active and continue to do things with his children, which the ALJ concluded is inconsistent with limitations alleged by Plaintiff at the hearing. (Tr. 17.)   However, Plaintiff actually indicated his treatment goals with respect to physical activities were to "cont[inue] to do things with kids" and his treatment goals with respect to social/recreational activities were to "cont[inue] to be as active as I can be."   (Tr. 526.)   Without evidence of specific activities, it is unreasonable to infer that to "do things" with kids or "be as active as I can be" suggests a level of activity inconsistent with Plaintiff's allegations.   Furthermore, the statements are goals or aspirations,

---

[6]Plaintiff testified his children were born in 1995, 1997 and 2002.   (Tr. 53.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -19

not reports of specific activities. These statements do not constitute clear and convincing reasons supporting a finding of a lack of credibility.

The ALJ cited Plaintiff's statements that he was caring for his three minor children aged 3, 8 and 11; was outside walking daily, was capable of driving, shopped in stores for his and his children's needs, used a computer daily, and was active with his children. (Tr. 16.) The ALJ also noted Plaintiff was active in his children's lives, took them to the park, cared for their daily needs including cooking and housekeeping and being a scout leader. (Tr. 16.) There is no evidence indicating how long Plaintiff walks when he walks outside except for Plaintiff's testimony that he can walk two blocks on a good day. (Tr. 34.) The ability to drive does not itself suggest Plaintiff drives for long periods of time or even regularly. In October 2005, Plaintiff mentioned he stays at home with his children, but cannot lift. (Tr. 172.) He testified that he checks the computer periodically but does not spend long periods in sitting in front of the computer. (Tr. 42.) In 2006, Dr. Bray reported Plaintiff does most of the cooking and much of the housework but work requiring bending is extremely difficult. (Tr. 160.) Dr. Bray noted Plaintiff was a scout leader, but Plaintiff testified it was for cub scouts and they did not go camping or do much. (Tr. 41.) A physical therapist noted Plaintiff reported that he was very active with children, but no activities are described and Plaintiff's complaints of chronic pain were not questioned by the therapist. (Tr. 176, 184, 211.) Without more, none of these activities is conclusive as to an activity level inconsistent with Plaintiff's alleged limitations. As a result, the ALJ's findings regarding Plaintiff's activities are not supported by

substantial evidence.

While the ALJ may make inferences from the evidence, they must be supported by the record. *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008). Many of the ALJ's inferences about Plaintiff's activities assume facts not established by the record. As a result, the conclusion that Plaintiff's activities undermine his credibility are not well-supported by the record. Furthermore, the ALJ improperly considered evidence of Plaintiff's activities from before the alleged onset date. Thus, the ALJ failed to provide clear and convincing reasons supported by substantial evidence to justify the negative credibility finding.

**3.   Duty to Develop the Record**

In addition to errors in rejecting Ms. Brown's opinion and the credibility finding, the ALJ also erred by failing to develop the record. In Social Security cases, the ALJ has a special duty to develop the record fully and fairly and to ensure that the claimant's interests are considered, even when the claimant is represented by counsel. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001); *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir.1983). An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *Tonapetyan*, 242 F.3d at 1150. In this case, the ALJ should have further developed the record because in the record are specific references to examinations by specialists which appear relevant. Ms. Brown's August 26, 2005, note mentions Plaintiff had an upcoming appointment with a Seattle neurologist on September 23, 2005. (Tr. 208.) Ms. Brown's November 28, 2006, progress notes mentions a "Seattle ortho note. 10/05" and "was evaluated by Seattle

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -21

O[r]tho last year" for back pain and leg weakness. (Tr. 172.)  The court concludes the ALJ's duty to develop the record was triggered by evidence suggesting additional specialist reports may be available.

Additionally, as Plaintiff points out, nearly two years of medical evidence exist after Dr. Bray's 2006 assessment, including a pain management evaluation and orthopedic consultation mentioned in November 2006, a bone densitometry test in September 2007, and additional treatment with Ms. Brown at the VA.  (Tr. 172, 508, 512-56.)  There is no opinion from an acceptable medical source which takes into account these records.  If Ms. Brown's opinion was properly rejected, there is no opinion from any medical source assessing Plaintiff's condition after 2006, despite continuing treatment, reports of pain, and new findings on the 2007 MRI.  For these reasons, the medical record should have been further developed.  A new medical examination or the opinion of a medical expert may have been helpful in assessing the totality of the evidence.

It is also noted that the VA assessed a disability rating of the whole person of 70% in 1999.  (Tr. 18, 153-58.)  The ALJ pointed out that Plaintiff continued to work for over five years after the VA rated him 70% disabled, indicating that the VA disability rating does not necessarily correspond to actual disability.  (Tr. 18.)  Indeed, a partial VA disability rating may cut against an SSA determination that the individual could not perform remunerative work at any time. *McLeod v. Astrue*, 640 F.3d 881, 886 (9th Cir. 2011).  However, the record suggests Plaintiff sought review of his VA disability rating and an appeal was pending at the time of the hearing.  (Tr. 54-55.) A VA determination of disability is not conclusive as to disability but

should be given great weight.[7]  *Id.*  When there is a likelihood of a new or updated VA disability rating, the ALJ has a duty to inquire. *See* McLeod, 640 F.3d at *id*.  Thus, on remand the ALJ should inquire as to the status of Plaintiff's VA disability rating and give appropriate weight to the findings.

**3.    Remand**

Because the ALJ's credibility finding and rejection of the treating nurse practitioner opinion are based on error and ambiguities in the evidence, the ALJ's other findings are also in question.  On remand, the ALJ shall develop the record by requesting additional evidence from the Seattle VA and any other relevant source, shall request an updated VA disability rating if available, and shall request a new medical examination and any other evidence deemed relevant or necessary to develop the record.  After developing the record, the ALJ shall make new findings consistent with the five-step sequential process, and shall in particular: identify all severe and non-severe impairments supported by the evidence at step two; make a new credibility determination; explain the weight given to the medical evidence and give legally sufficient reasons for rejecting any opinion evidence; formulate a new RFC including consideration of the impact of all impairments, even those determined not severe, and the side effects of medication; comply with the mandatory requirements of 96-8p; and make a new step four finding.

[7]VA total disability ratings are limited to those impairments "sufficient to render it impossible for the average person to follow a substantially gainful occupation."  38 C.F.R. § 4.15.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -23

1

**CONCLUSION**

2        Having reviewed the record and the ALJ's findings, this court

3   concludes the ALJ's decision is not supported by substantial evidence

4   and is based on legal error.  On remand, the ALJ should develop the

5   record and make new findings consistent with the contents of this

6   order.  Accordingly,

7        **IT IS ORDERED:**

8        1.   Plaintiff's Motion for Summary Judgment **(Ct. Rec. 16)** is

9   **GRANTED.**  The matter is remanded to the Commissioner for additional

10  proceedings pursuant to sentence four 42 U.S.C. § 405(g).

11       2.   Defendant's Motion for Summary Judgment **(Ct. Rec. 24)** is

12  **DENIED.**

13       3.   An application for attorney fees may be filed by separate

14  motion.

15       DATED October 3, 2011.

16

17                    _____S/ CYNTHIA IMBROGNO_____
                       UNITED STATES MAGISTRATE JUDGE
18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -24